**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Howard William KESSLER, Defendant-
Appellant.**

**No. 73-2492.**

United States Court of Appeals,
Ninth Circuit.

May 17, 1974.

Anthony S. Deutsch, of Deutsch, Parziale & McCabe, San Diego, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Stephen W. Peterson, Asst. U. S. Atty., both of San Diego, Cal., for plaintiff-appellee.

## OPINION

Before MERRILL and TRASK, Circuit Judges, and GRAY,* District Judge.

MERRILL, Circuit Judge:

On the evening of March 16, 1973, a border patrol agent was in a hidden position at the Calexico, California, sewage treatment plant, watching for illegal aliens or narcotics activity. His location was approximately one mile west of the City of Calexico and three hundred yards north of Anza Road, which runs parallel to and some two hundred and fifty yards north of the international boundary between Mexico and the United States. The agent had made many apprehensions of illegal aliens in the area and knew of many prior instances of the area being used as a pickup spot for smuggled goods or illegal aliens. Normal procedure was for the alien or the smuggler to jump over or crawl through the border fence and follow a particular gully to Anza Road where he or his contraband would be picked up by automobile.

At approximately 10 p. m. the agent saw an automobile approaching from Calexico at a slow rate of speed, estimated by him to be ten miles an hour. The car stopped on the road near the gully. He alerted a fellow agent and continued his observation. Because of the darkness he could not see what, if any, activity took place. The vehicle remained stopped for one or two minutes and then left in a hurry, accelerating to seventy or eighty miles an hour, pursued by the second agent. After a considerable chase, the car was overtaken and searched, and four bags containing a total of forty kilos of marijuana were found.

Appellant contends on appeal that the search was unlawful and that the marijuana should have been suppressed. He asserts that the circumstances do not establish the requisites of a border search; that there is no evidence that the car ever crossed the border from Mexico; that there is no reasonable certainty that it picked anything up, or that if it did what it picked up was smuggled goods.

We accept, arguendo, appellant's contention that the circumstances do not give rise to reasonable certainty that contents of the car had crossed the border without inspection and that the search therefore cannot be justified as a border search. It does not follow, however, that in a smuggling or border context reasonable certainty of importation is the only basis for a warrantless search. The probable cause *Carroll*-type [1] search is still available.

The parallel existence of these two types of intrusions (with their separate governmental purposes and standards by which they are held proper) has given rise to confusion. Some basic review of the law as it has developed in this circuit thus appears appropriate.

---

* Honorable William P. Gray, United States District Judge for the Central District of California, sitting by designation.

1. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

■ We start with the elementary proposition that a car and its passengers are subject to search without probable cause upon their entry to this country. See: Carroll v. United States, 267 U.S. 132, 154 (1925); United States v. Lincoln, 494 F.2d 833 (9th Cir. 1974). At the border checkpoint the fact of border crossing is indisputably apparent. Away from such checkpoint, it is not. However, under the law of this circuit in two circumstances a car and its passengers are properly subject to "border searches" away from the border.

■ 1. *The case of the deferred search.* This arises where the car has been passed through the checkpoint and the fact of crossing is thus established and the car thereafter is kept under surveillance to assure that passengers and contents have undergone no change since crossing, and thus remain subject to inspection. Alexander v. United States, 362 F.2d 379 (9th Cir. 1966).

■ 2. *The case of the evasive entry.* This arises where the car or its passengers have not presented themselves at a checkpoint (or been observed to have made a surreptitious entry) and the fact of crossing is thus not *established*; but where the facts of crossing and of evasion of inspection are made to appear with *reasonable certainty* from the circumstances. United States v. Weil, 432 F.2d 1320 (9th Cir. 1970). An elaboration on this second situation is the case where crossing of the car is not the issue but where the question is whether the car has picked up suspect goods or persons. If it appears with "reasonable certainty" that such pickup has occurred, and that the goods or persons have crossed without inspection, we have a border search situation. United States v. Markham, 440 F.2d 1119 (9th Cir. 1971).

■ The border search arguably can be said to be an inspection rather than a typical search. The intrusion is justified not on the ground that there is cause to believe that goods or persons are subject to seizure. Rather it is justified on the ground that, having just entered the country, goods and persons are subject to inspection whether seizable or not in order to further customs law enforcement. Alexander v. United States, supra.

The "reasonable certainty" of entry without inspection is clearly a higher standard than that of probable cause. It is, however, directed to a different question, and, when met, theoretically eliminates the need for any cause, probable or otherwise, to suspect the legality of the presence of persons or of the possession of goods.

■ In the context of smuggling and the neighborhood of the border, these two types of intrusion, each with its own governmental purpose and justification, are bound to overlap. Where the same circumstances that give rise to a belief that goods have crossed the border without inspection also give rise to a belief that they are seizable, the minimum requisite is not reasonable certainty. That is no longer needed. The lesser standard of probable cause justifies a search under *Carroll*. United States v. Patterson, 492 F.2d 995 (9th Cir. 1974).

Such is the situation in this case.

■ In our judgment the conduct of appellant at the place where it occurred was such that it would be straining credulity to find an innocent explanation. We conclude that there was probable cause to believe that the car contained smuggled goods and that the search was proper.

Judgment affirmed.