**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Javier OJEDA–RODRIGUEZ,
Defendant-Appellant.**

**No. 73–2485.**

United States Court of Appeals,
Ninth Circuit.

July 5, 1974.

As Amended Aug. 15, 1974.

---

1. The appeal has not been certified under 28 U.S.C. § 1292(b); nor does it fall within the classes enumerated in 28 U.S.C. § 1292(a).

Hufstedler, Circuit Judge, concurred specially and filed opinion.

Charles T. McCutcheon (argued), La Mesa, Cal., for defendant-appellant.

Thomas M. Coffin, Asst. U. S. Attorney (argued), San Diego, Cal., for plaintiff-appellee.

Before BARNES, HUFSTEDLER and CHOY, Circuit Judges.

## OPINION

PER CURIAM:

Ojeda-Rodriguez appeals his conviction in a trial to the court of possession of about 805 pounds of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The trial judge denied a motion to suppress the evidence, expressly finding that the stop and search of appellant's car resulted from founded suspicion on the part of the border patrol agents. We affirm.

About 6:00 a. m. on April 11, 1973, two border patrol agents posted along-side Interstate 8, some ten miles north of the Mexican border, saw a 1969 Chrysler Imperial with a lone occupant pass by. The car was dusty with scratches on its side indicating it had passed through brush while the highway was well-paved. The agents knew that there were narrow, unpaved, brush-lined roads affording illegal border crossing into the United States from Mexico. Pulling out behind appellant's Chrysler, the agents noticed that its muffler and tailpipe were dragging close to the ground and that the car was wandering from side to side apparently difficult to control because it was heavily loaded in its rear.

Suspecting that the Chrysler contained a load of illegal aliens, the agents stopped it and asked appellant for identification. Appellant admitted he had no papers and was in the United States illegally. He said he had no key to the trunk, so one of the agents entered the car to open the rear seat and immediately smelled the marijuana.

We agree with the trial judge that the agents had founded suspicion for stopping the Chrysler for the purpose of limited inquiry in the course of routine investigation. United States v. Bugarin-Casas, 484 F.2d 853–854 (9th Cir. 1973); United States v. Jaime-Barrios, 494 F.2d 455 (9th Cir., 1974).

Under the circumstances present here, Almeida-Sanchez v. United States, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973) does not apply even though a "roving patrol" was involved.

Affirmed.

HUFSTEDLER, Circuit Judge (concurring specially):

I concur under the compulsion of United States v. Bugarin-Casas (9th Cir. 1973), 484 F.2d 853 and its progeny.

I am unable to reconcile the rationale of Almeida-Sanchez v. United States (1973) 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596, forbidding border agents on roving patrol to stop and search vehicles

without probable cause (*see* United States v. Brignoni-Ponce (9th Cir. en banc 1974) 499 F.2d 1109), with the *Bugarin-Casas* line of cases permitting roving border patrol agents to stop vehicles under circumstances short of probable cause.