**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Lorna Jean LAIRD, Defend-**
**ant-Appellant.**

**No. 74–2820.**

United States Court of Appeals,
Ninth Circuit.

March 10, 1975.

James M. Wilkes (argued), Tucson, Ariz., for defendant-appellant.

Bruce R. Heurlin, Asst. U. S. Atty. (argued), Tucson, Ariz., for plaintiff-appellee.

Before HUFSTEDLER, WALLACE and SNEED, Circuit Judges.

OPINION

PER CURIAM:

Laird appeals from her conviction for possessing marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The single issue raised on this appeal is whether her motion to suppress was properly denied. We affirm.

Laird's vehicle was stopped by Customs and Border Patrol officers after it had apparently tripped a sensor device on a narrow road near the Mexican border. A short dirt extension from the road led to a large hole in the border fence. The signal from the sensor while Laird's vehicle was near the border by itself could give rise to founded suspicion sufficient for a stop. United States v. Mora-Chavez, 496 F.2d 1181, 1182 (9th Cir. 1974). Here there was much more.

██ Once legally stopped, additional articulable facts may develop for the founded suspicion to grow into probable cause. United States v. Bugarin-Casas, 484 F.2d 853, 854 (9th Cir. 1973), cert. denied, 414 U.S. 1136, 94 S.Ct. 881, 38 L.Ed.2d 762 (1974). In this case, the odor of marijuana emanating from the trunk of Laird's vehicle provided the requisite probable cause for a search. Fernandez v. United States, 321 F.2d 283, 286–87 (9th Cir. 1963).

Laird contends, however, that the officer had decided to make the search before the marijuana was smelled; thus, the odor cannot be considered in determining whether there was probable cause. She relies on the following language from United States v. Davis, 482 F.2d 893, 896–97 (9th Cir. 1973), *quoting from* Lustig v. United States, 338 U.S. 74, 78, 69 S.Ct. 1372, 93 L.Ed. 1819 (1949) (plurality opinion):

> A search begins with the planning of the invasion and continues "until effective appropriation" of the fruits of the search "for subsequent proof of an offense."

But that language, in context, was directed to the question of whether the United States was sufficiently involved in a program of searches to subject a search thereunder to the limitations of the Fourth Amendment. It is not authority for the proposition asserted by Laird. Rather, our language in United States v. Bugarin-Casas, *supra,* is controlling:

> The fact that the agents were intending at the time they stopped the car to search it in any event—generally the sort of search held unconstitutional in Almeida-Sanchez v. United States, *supra* [413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596],—does not render the search, supported by independent probable cause, invalid.

484 F.2d at 854 n. 1 (citations omitted). At the time the search began, there was probable cause and, therefore, the district court properly denied the motion to suppress.

Affirmed.