**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Dennis James BATES, Defendant-Appellee.**

**No. 75–2321.**

United States Court of Appeals, Ninth Circuit.

March 26, 1976.

Thomas M. Coffin, Asst. U. S. Atty., (argued), Terry J. Knoepp, U. S. Atty., Thomas M. Coffin, Asst. U. S. Atty., on the brief, San Diego, Cal., for plaintiff-appellant.

Charles D. Wied, Escondido, Cal., for defendant-appellee.

## OPINION

Before CARTER, WRIGHT and GOODWIN, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

The government appeals an order granting defendant Bates' motion to suppress evidence, claiming the evidence was obtained pursuant to a valid border search and upon probable cause to arrest Bates and search his vehicle. We reverse the granting of the motion because we find the officers acted upon probable cause to arrest and search.

The facts are not disputed. On the night of January 21, 1975, a customs officer watching the border observed a car drive into a deserted parking lot at Rancho La Puerta, a warehouse located in California about a quarter-mile from the Mexican border. The officer knew that the customary method of smuggling in this area involved leaving contraband at the warehouse for later pick-up and transportation further into the United States.

The officer broadcast a description of the car when it left the parking lot 30 seconds later. It was then spotted by a second officer who learned via radio that the car was a rental from San Diego. This second officer followed the car which eventually headed east, but lost track of it and radioed back to the first officer that the car had apparently made a U-turn.

Subsequently, the car returned to the parking lot of the Rancho La Puerta where

it turned off its lights for two minutes. It then left the warehouse again, this time heading west. A third officer who had been in radio contact with the first two, followed the car and eventually stopped it. As he approached the vehicle, he noticed two handprints in the dust on the trunk lid. Bates was identified as the driver of the car and stated that he had just been driving around. The officer asked Bates to open the trunk of the car, but after trying to open it, Bates said that he did not have the key. The officer further inquired about the ownership of the car and Bates replied that it belonged to a friend who had loaned him the car that evening.

The second officer who had followed Bates the first time he left the warehouse then arrived, and Bates told him that he and his passenger had decided to go to Mexico, but had twice changed their minds. This officer tried to get into the trunk through the back seat but was unsuccessful. He then ordered Bates to accompany him with his car back to the Tecate port of entry where tools were used to get into the trunk which was found to contain two burlap bags of marijuana.

■ The district court was not required to and did not make formal findings of fact. In reviewing his granting of the motion to suppress, we apply the standard set forth in *Ker v. California*, 374 U.S. 23, 33–34, 83 S.Ct. 1623, 1630, 10 L.Ed.2d 726, 738 (1963):

"We reiterate that the reasonableness of a search is in the first instance a substantive determination to be made by the trial court from the facts and circumstances of the case and in the light of the 'fundamental criteria' laid down by the Fourth Amendment and in opinions of this Court . . . . While this Court does not sit as in *nisi prius* to appraise contradictory factual questions, it will,

where necessary to the determination of constitutional rights, make an independent examination of the facts, the findings, and the record so that it can determine for itself whether in the decision as to reasonableness the fundamental—*i. e.*, constitutional—criteria established by this Court have been respected."

Because of our finding that there was probable cause for the arrest and search, we need not read the question whether there was a valid border search. In a case whose facts are similar to those presented here, *United States v. Kessler*, 497 F.2d 277 (9th Cir. 1974), this court accepted *arguendo* defendant's contention that a *Weil*[1]-type border search was improper, but it went on to find that probable cause existed for the search. In so doing, it distinguished between the two types of searches:

"The 'reasonable certainty' of entry without inspection is clearly a higher standard than that of probable cause. It is, however, directed to a different question, and, when met, theoretically eliminates the need for any cause, probable or otherwise, to suspect the legality of the presence of persons or of the possession of goods.

" . . . Where the same circumstances that give rise to a belief that goods have crossed the border without inspection also give rise to a belief that they are seizable, the minimum requisite is not reasonable certainty. That is no longer needed. The lesser standard of probable cause justifies a search . . . ." *Kessler, supra*, at 279.

■ In this case, the facts show that Bates was arrested before the search was made which uncovered the contraband. However, whether the arrest preceded the search or *vice versa* is immaterial as the requirement for the existence of probable cause is mandated to justify either. *United*

1. *United States v. Weil*, 432 F.2d 1320, 1323 (9th Cir. 1970), set forth an appropriate test for determining the validity of an extended border search:

"[I]f customs agents are reasonably certain that parcels have been (a) smuggled across the border and (b) placed in a vehicle, whether the vehicle has itself crossed the border or not, they may stop and search the vehicle."

*States v. Portillo-Reyes,* 529 F.2d 844 at 848 (9th Cir. 1975).

We agree with the district court that the officer who stopped Bates initially had founded suspicion to briefly detain and question. All the officers knew that Bates had twice driven to and left a known smuggling area where the *modus operandi* was the picking up of smuggled goods by car and transporting them further into the United States.

After he was stopped and questioned, Bates' explanation of what he was doing in the area, while not obviously false, was such as to arouse further suspicion. The car was rented, also common to smuggling operations in this area, and Bates had no key to the trunk. In addition, there were two recent handprints on an otherwise dusty trunk.

The succession of events, though superficially innocent when viewed independently, had proceeded to the point where a prudent person could say that an innocent course of conduct was substantially less likely than a criminal one. The totality of the evidence, as viewed by the experienced customs officers familiar with the smuggling methods of the area, established probable cause to believe that Bates' car was being used to transport contraband. *United States v. Patterson,* 492 F.2d 995, 997 (9th Cir. 1974).

We find that the officers acted upon probable cause in arresting Bates and searching his vehicle.

The granting of the motion to suppress evidence is reversed and the cause remanded for further proceedings.