**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Demetri T. TOLIAS, Defendant-Appellant.**

**No. 76–2653.**

United States Court of Appeals, Ninth Circuit.

Jan. 10, 1977.

Harry B. Platis, Lynnwood, Wash., for defendant-appellant.

Stanley G. Pitkin, U. S. Atty., Francis J. Diskin, Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before WRIGHT and GOODWIN, Circuit Judges, and RENFREW,* District Judge.

PER CURIAM:

We are asked to decide whether Demetri Tolias voluntarily consented to a search of his premises during which were found a diary and sales slip which implicated him in the crime of possessing chattels, knowing them to have been stolen while in interstate commerce. 18 U.S.C. § 659 (1970).

On December 4, 1975, two mink coats were stolen from a delivery truck a block from their destination in downtown Seattle. Four days later, police arrested a person during a stakeout who indicated that Tolias was in possession of the coats.

On December 12, 1975 police visited Tolias at his pastry and antique shop, posing as "buyers" interested in fur coats. The officers subsequently arrested Tolias and asked him where the fur coats were. According to police testimony, Tolias responded: "I don't have the mink coats, they are not here in the building and you can look anywhere you want." (Transcript of Motion to Suppress Hearing at 82.) It was on the basis of this consent that the search was undertaken and the evidence at issue found in the living portion of Tolias' shop, upstairs from the business portion.

The arrest occurred slightly before 1:00 a. m. and it was not until nearly 4:00 a. m. that Tolias agreed to accompany the police to his brother's house where one of the mink coats was located. During the intervening time, only Tolias, five detectives and two uniformed officers were in the shop. Tolias testified that during a portion of that time he was forcibly restrained from leaving his chair. He also noted that one officer impliedly threatened to beat him up, and although the officer later said he was kidding, Tolias alleges that he was terrified.

Tolias finally cooperated with the police in obtaining both coats and alleges that he did so because he believed that the police had agreed not to prosecute him under 18 U.S.C. § 659 (1970). The police acknowledged that they had a non-prosecution agreement with Tolias, but said that it was for other stolen property found in the search, not with regard to the stolen mink coats.

The district court denied Tolias' motion to suppress and found him guilty as charged in a non-jury trial on stipulated facts. We affirm for the following reasons.

I.

CONSENT

After a warrantless search, the government bears the burden of proving that any consent to search was freely and voluntarily given. *Bumper v. North Carolina*, 391 U.S. 543, 548, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968). *Accord, United States v. Davis*, 482 F.2d 893, 914 (9th Cir. 1973). Although arrest is a factor in determining voluntariness, "[i]t has long been established that one can validly consent to a search, even though the consent be given while defendant is in custody." *United States v. Rothman*, 492 F.2d 1260, 1265 (9th Cir. 1973), *citing United States v. Page*, 302 F.2d 81, 83 (9th Cir. 1962) (en banc).

The voluntariness of the consent will be determined from the totality of the circumstances and the decision of the district court will not be reversed unless its finding is clearly erroneous. *United States v. Townsend*, 510 F.2d 1145, 1147 (9th Cir. 1975).

Under this test the finding of voluntary consent must be affirmed. Evidence supports the finding that Tolias was given his *Miranda* rights, that he was on familiar ground in his own shop, and that he knew from past experience that he had a right to refuse consent. The activities complained of occurred after the consent to search had

* Honorable Charles Renfrew, United States District Judge, of the Northern District of California, sitting by designation.

been given and while the police were attempting to locate the mink coats. Moreover, testimony supports the finding that Tolias did not restrict his consent to the downstairs portion of his shop, but rather expansively indicated that the coats were nowhere in the building.

## II.

## CRUEL AND UNUSUAL PUNISHMENT

Because Tolias is an admitted homosexual, appellant argues that the sentence of five years' imprisonment is cruel and unusual punishment in violation of the Eighth Amendment. He alleges that there are assaults and homosexual rapes in prisons. Huffman, *Sex Deviation in a Prison Community*, 6 J. Social Therapy 170–81 (1960). But he has cited no cases to support his position and we have found none.

The test for cruel and unusual punishment is whether the penalty is so out of proportion to the crime committed that it shocks a balanced sense of justice. *Halprin v. United States*, 295 F.2d 458, 460 (9th Cir. 1961). We do not find that sentencing a homosexual to prison meets this test.

The decision of the district court is therefore affirmed.