558 F.2d 522
 UNITED STATES of America, Plaintiff-Appellee,
v.
Roy David THOMPSON, aka, Larry Gene Madden, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael George REEVE and Albert David Law, Jr.,
Defendants-Appellants.
UNITED STATES of America, Plaintiff-Appellee,
v.
Derek Trevenning HARRIS, Defendant-Appellant.
 Nos. 76-1821, 76-2041 and 76-2605.
 United States Court of Appeals,
Ninth Circuit.
 June 27, 1977.
Rehearing and Rehearing En Banc Denied Aug. 25, 1977.
 
 Oscar B. Goodman, Goodman & Snyder, Las Vegas, Nev., for appellant in No. 76-1821.
 Barry T. Simons, Laguna Beach, Cal., for appellant in No. 76-2605.
 Roger S. Hanson, Santa Ana, Cal., Carol Kuntz, Federal Public Defender, Los Angeles, Cal., for appellant in No. 76-2041.
 Richard A. Wright, Asst. U. S. Atty., Las Vegas, Nev., for appellee.
 Appeal from the United States District Court for the District of Nevada.
 Before CHAMBERS and CHOY, Circuit Judges, and PECKHAM,* District Judge.
 CHOY, Circuit Judge:
 
 
 1
 Appellants contest their jury conviction under 21 U.S.C. §§ 841(a)(1) & 846 for conspiracy to distribute marijuana. Reeve, Harris, and Law argue that the search of their vans which uncovered 720 pounds of marijuana was improper. Thompson claims that his airplane was searched without his consent and without probable cause. Reeve, Harris, and Thompson also contend that the trial court committed reversible error in postponing the hearing on their motions to suppress until after the jury had begun deliberations. We affirm.
 
 
 2
 This case arises out of an all-night surveillance effort by federal and state authorities, covering the movement of two vans and an airplane in the contiguous desert areas of Arizona and Nevada. The following morning, the authorities stopped the two vans for the purpose of questioning the occupants. The district court ruled that there was "founded suspicion" to justify this investigatory stop, and appellants do not seriously challenge that determination here. They do argue, however, that the stop ripened into a full-fledged arrest when an officer drew his weapon; that, though the officers may have had sufficient "founded suspicion" to justify the stop, they had no probable cause to arrest; and that, since the arrest was invalid, the fruit of the subsequent search of the vans was inadmissible under Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). This argument is without merit.
 
 
 3
 A police officer attempting to make an investigatory detention may properly display some force when it becomes apparent that an individual will not otherwise comply with his request to stop, and the use of such force does not transform a proper stop into an arrest. United States v. Richards, 500 F.2d 1025, 1028-29 (9th Cir. 1974), cert. denied, 420 U.S. 924, 95 S.Ct. 1118, 43 L.Ed.2d 393 (1975). See United States v. Coades, 549 F.2d 1303, 1305 (9th Cir. 1977); United States v. Russell, 546 F.2d 839, 841 (9th Cir. 1976) (Wright, J., concurring). In the instant case, a weapon was not drawn until, after the officers had identified themselves and ordered the vans to stop, one van began to move and then suddenly lurched forward. United States v. Ramos-Zaragosa, 516 F.2d 141, 144 (9th Cir. 1975), United States v. Larkin, 510 F.2d 13, 14 n.1 (9th Cir. 1974), and United States v. Strickler, 490 F.2d 378, 380 (9th Cir. 1974), relied upon by appellants, did not involve investigatory stops that were properly initiated through unarmed requests to stop and answer questions and, therefore, are clearly distinguishable. See generally United States v. Nevitt, 409 F.Supp. 1075, 1078-79 n.10 (W.D.Mich.1976); United States v. Diggs, 173 U.S.App.D.C. 95, 522 F.2d 1310, 1326-27 n.5 (1975) (Justice, D. J., dissenting).
 
 
 4
 After a brief period during which appellants were questioned, the officers detected a strong odor of marijuana coming from one of the vans. We have repeatedly held that, "(i)f after a valid investigatory stop probable cause arises, the search may then be made," United States v. Bugarin-Casas,484 F.2d 853, 854 (9th Cir. 1973), cert. denied, 414 U.S. 1136, 94 S.Ct. 881, 38 L.Ed.2d 762 (1974). See, e.g., United States v. Russell, 546 F.2d 839, 840 (9th Cir. 1976); United States v. Bates, 533 F.2d 466, 468-69 (9th Cir. 1976); United States v. Portillo-Reyes, 529 F.2d 844, 850 (9th Cir. 1975), cert. denied, 429 U.S. 899, 97 S.Ct. 267, 50 L.Ed.2d 185 (1976); United States v. Rocha-Lopez, 527 F.2d 476, 478-79 (9th Cir. 1975), cert. denied, 425 U.S. 977, 96 S.Ct. 2181, 48 L.Ed.2d 802 (1976); United States v. Moreno-Buelna, 524 F.2d 1129, 1132 (9th Cir.) (Chambers J., concurring), cert. denied, 423 U.S. 1035, 96 S.Ct. 570, 46 L.Ed.2d 410 (1975); United States v. Rodriquez-Alvardo, 510 F.2d 1063, 1064 (9th Cir. 1975). And the detection of marijuana odor emanating from a vehicle has been held sufficient in such situations to give rise to probable cause to search. See Russell,supra at 840; United States v. Laird, 511 F.2d 1039, 1040 (9th Cir. 1975); United States v. Ojeda-Rodriquez, 502 F.2d 560, 561 (9th Cir. 1974), cert. denied, 420 U.S. 910, 95 S.Ct. 830, 42 L.Ed.2d 839 (1975); Fernandez v. United States, 321 F.2d 283, 286-87 (9th Cir. 1963).[1] Appellants were placed under arrest only after the marijuana was discovered.
 
 
 5
 Next, Thompson, the pilot of the plane, challenges the trial court's findings both that he had consented to the search of the plane and that, in any event, there was probable cause to search it after the officers on the scene were informed that the vans had been seized in another location and were found to contain the marijuana. Having reviewed the record, we cannot say that these findings were clearly erroneous. See United States v. Hart, 546 F.2d 798, 801-02 (9th Cir. 1976) (en banc), cert. denied sub nom. Robles v. United States, 429 U.S. 1120, 97 S.Ct. 1155, 51 L.Ed.2d 571 (1977); United States v. Fong, 529 F.2d 55, 58 (9th Cir. 1975); United States v. Agosto,502 F.2d 612, 614 (9th Cir. 1974); United States v. Page, 302 F.2d 81, 85 (9th Cir. 1962) (en banc); United States v. Patterson, 492 F.2d 995, 996 (9th Cir.), cert. denied, 419 U.S. 846, 95 S.Ct. 82, 42 L.Ed.2d 75 (1974); Costello v. United States, 324 F.2d 260, 261 (9th Cir. 1963), cert. denied, 376 U.S. 930, 84 S.Ct. 699, 11 L.Ed.2d 650 (1964).
 
 
 6
 Thompson also claims that his consent was not voluntarily given because he was in a "custodial type environment." It is settled that a person in custody may voluntarily consent to a search. United States v. Watson, 423 U.S. 411, 424-25, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976); United States v. Lemon, 550 F.2d 467, 471 (9th Cir. 1977); United States v. Tolias, 548 F.2d 277, 278 (9th Cir. 1977). We find no evidence of duress or coercion in the "totality of all the circumstances" in the record before us. Schneckloth v. Bustamonte, 412 U.S. 218, 227, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).
 
 
 7
 Finally, the argument presented by Reeve, Harris, and Thompson that the trial court committed reversible error in postponing the separate hearing on their motions to suppress is also without merit. They made no objection below to the trial court's adopting this procedure, and, while it is preferable that such motions be decided before trial, see United States v. Mauro, 507 F.2d 802, 806 (2d Cir. 1974), cert. denied, 420 U.S. 991, 95 S.Ct. 1426, 43 L.Ed.2d 672 (1975); United States v. Whitted, 454 F.2d 642, 644 (8th Cir. 1972); Solomon v. United States, 133 U.S.App.D.C. 103, 408 F.2d 1306, 1309 (1969); United States v. Dooling, 406 F.2d 192, 196 (2d Cir.), cert. denied sub nom. Persico v. United States, 395 U.S. 911, 89 S.Ct. 1744, 23 L.Ed.2d 224 (1969); that procedure is not mandatory. A trial court may, in its discretion, defer a hearing on a motion to suppress made before trial for determination at trial or after the verdict as long as no "party's right to appeal is adversely affected." Fed.R.Crim.P. 12(e). See United States v. Kirk,528 F.2d 1057, 1064 (5th Cir. 1976). But see United States v. Smith, 527 F.2d 692, 693 (10th Cir. 1975). Obviously, appellants' rights to appeal were not "adversely affected" by the trial court's decision to postpone the hearing, and we can discern no other prejudice to them that could possibly render the trial court's decision "plain error" under Rule 52(b), see United States v. Segna, 555 F.2d 226, 231 (9th Cir. 1977); Herzog v. United States, 235 F.2d 664, 666-67 (9th Cir.) (en banc), cert. denied, 352 U.S. 844, 77 S.Ct. 54, 1 L.Ed.2d 59 (1956).[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 Honorable Robert F. Peckham, United States District Judge for the Northern District of California, sitting by designation
 
 
 [1]
 The district court also found that the officers had probable cause to search the vans even before the investigatory stop and the detection of marijuana odor. Given our disposition of the issues, we have no need to review that finding
 
 
 [2]
 Appellants filed their motions to suppress on December 29, 1975, and trial commenced on February 3, 1976. Thus, the revisions to Rule 12, Fed.R.Crim.P., which took effect on December 1, 1975 were applicable
 Former Rule 12(b)(4) dealt with the timing of hearings on pretrial motions to suppress:
 A motion before trial raising defenses or objections shall be determined before trial unless the court orders that it be deferred for determination at the trial of the general issue. . . .
 This Rule had been interpreted as allowing the trial court, in its discretion, to postpone the hearing until trial or after the jury had returned its verdict. See United States v. Covington, 395 U.S. 57, 60, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969); United States v. Collins, 491 F.2d 1050, 1052 (5th Cir.), cert. denied, 419 U.S. 857, 95 S.Ct. 104, 42 L.Ed.2d 90 (1974); Dooling, supra at 197. This matter is now covered in revised Rule 12(e):
 A motion made before trial shall be determined before trial unless the court, for good cause, orders that it be deferred for determination at the trial of the general issue or until after verdict, but no such determination shall be deferred if a party's right to appeal is adversely affected. . . .
 The Advisory Committee Notes to Rule 12(e) and its legislative history, see H.R.Rep.No.94-247, 94th Cong., 1st Sess. 7-8, reprinted in U.S.Code Cong. & Ad.News 679-80 (1975), confirm that, while retaining the rule that the decision to postpone the hearing on a pretrial suppression motion lies in the sound discretion of the district court, the amendments to Rule 12 were intended to encourage pretrial determination of such motions. But those sources also explain that the principal reason for preferring that procedure is to preserve the Government's right, under 18 U.S.C. § 3731, to appeal an adverse ruling. See 8 J. Moore, Moore's Federal Practice P 12.04, at 12-24 (2d ed. 1976). See also Mauro, supra at 806.