985 F.2d 574
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alejandro BALLESTEROS-SALAZAR, Defendant-Appellant.
 No. 91-10454.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 18, 1992.
Decided Jan. 22, 1993.
 
 Appeal from the United States District Court for the District of Arizona, No. CR-91-00152-RMB; Richard M. Bilby, District Judge, Presiding.
 D.Ariz.
 AFFIRMED.
 Before SCHROEDER, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant appeals the district court's denial of his motion to suppress 179 pounds of marijuana used to support his conviction for (1) conspiracy to import in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(3) and 963; (2) importation in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(3); and (3) possession with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The district court upheld the search of defendant's vehicle as an extended border search.
 
 
 3
 When a vehicle is not observed crossing the border, an extended border search can be justified only where there is a reasonable certainty that the objects in the vehicle crossed the border. United States v. Weil, 432 F.2d 1320 (9th Cir.1970), cert. denied, 401 U.S. 947 (1971). The "reasonably certain" standard is higher than a probable cause standard. United States v. Kessler, 497 F.2d 279 (9th Cir.1974).
 
 
 4
 In this case the district court held a full hearing to determine whether reasonable certainty existed. There is no dispute on appeal as to any of the material facts. Most important, the search occurred in a remote area on an Indian Reservation in southern Arizona. The district court correctly concluded that the location of the vehicle, the direction of the tracks, the absence of other vehicles, the remoteness of the area, and the sensor information that a vehicle had crossed the border illegally, all indicated that the only possible explanation for the presence of this vehicle was that it had crossed the border illegally. The requisite standard was met.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3