993 F.2d 886
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan Antonio MEDINA-ORTIZ, Defendant-Appellant.
 No. 92-50546.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1993.*
Decided May 11, 1993.
 
 Before: KOZINSKI, SUHRHEINRICH** and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 After conditionally pleading guilty to importation and possession of marijuana, Medina-Ortiz appeals from the denial of his motion to suppress evidence. He argues the district court should have suppressed the marijuana because the officers lacked reasonable suspicion to stop the car which was carrying it. Medina-Ortiz also argues the court erred in imposing a fine as part of his sentence.
 
 
 3
 A. While we review the existence of reasonable suspicion de novo, e.g., United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989), we review the factual findings underlying it only for clear error, e.g., Guam v. Ichiyasu, 838 F.2d 353, 355 (9th Cir.1988). The district court found that Medina-Ortiz's vehicle came from Mexico, that it triggered border sensors and that there were no other vehicles in the area. SER 101-02. Given these findings, under our precedents the officers had reasonable suspicion to stop Medina-Ortiz. The activation of a sensor by a lone vehicle in an area near an international border is itself sufficient to establish reasonable suspicion. United States v. Laird, 511 F.2d 1039, 1039 (9th Cir.1975); United States v. Mora-Chavez, 496 F.2d 1181, 1182 (9th Cir.1974).
 
 
 4
 Moreover, the agent here had independent reason to pull over Medina-Ortiz: He observed that Medina-Ortiz appeared nervous, drove as though he wasn't familiar with the area and didn't acknowledge the agent's presence. This helps refute Medina-Ortiz's contention that the government failed to produce competent evidence to establish reasonable suspicion: Although some of the information regarding the sensors was passed along to Agent Maxon from other agents who didn't testify at the suppression hearing, Agent Maxon had particularized and objective facts based on his own observations. See United States v. Sanchez-Vargas, 878 F.2d 1163, 1167 (9th Cir.1989) ("So long as the detaining officer relies on particularized ... facts which ... create a founded suspicion[,] ... it offends no Fourth Amendment principles that some of that information may have been received from other sources.").
 
 
 5
 Medina-Ortiz also points to a potential inconsistency in the version of events told by Agents Maxon and Sotelo. He argues that Agent Sotelo's failure to remember initially that he had received information about a secondary sensor alert proves he was lying to buttress the existence of reasonable cause. Certainly, Medina-Ortiz's theory is plausible; had the district court chosen to discredit Agent Sotelo's testimony on this basis it wouldn't have been error. Yet after hearing testimony and determining the witnesses' demeanor, the district court accepted the agent's explanation for the inconsistency. See SER 65-68. We can't say this finding was clearly erroneous. See, e.g., Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1984) (credibility determinations by district court entitled to heightened deference).
 
 
 6
 B. Medina-Ortiz argues the district court burdened his Fifth Amendment privilege against self-incrimination by imposing a fine on him of $10,000 for refusing to answer questions about his financial status. That's not quite right. Under U.S.S.G. § 5E1.2(a), "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay" (emphasis added). Although Medina-Ortiz bore the burden of proving his inability to pay, e.g., United States v. Quan-Guerra, 929 F.2d 1425, 1427 (9th Cir.1991), on the advice of counsel he refused to answer any questions about his finances, PSR 3. The court didn't impose this fine as a punishment for Medina-Ortiz's silence; it imposed the fine because Medina-Ortiz failed to carry the burden of proving his inability to pay. United States v. Rafferty, 911 F.2d 227, 232 (9th Cir.1990).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Richard F. Suhrheinrich, United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3