112 F.3d 517
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mario FERNANDEZ, Defendant-Appellant.
 No. 96-50249.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1997.*
Decided April 25, 1997.
 
 Before: CHOY, FERGUSON, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mario Fernandez entered a conditional guilty plea to possession with intent to distribute approximately 286.14 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1). Pursuant to the plea agreement, Fernandez reserved the right to appeal the district court's denial of his motion to suppress the marijuana found in his car. Fernandez contends that the district court erred by denying his motion to suppress because the Border Patrol officer lacked reasonable suspicion to stop his car. He also asserts that the district court erred in several factual findings. The defendant fails to establish clear error in regard to these matters. We need only to discuss the reasonable suspicion issue.
 
 
 3
 Fernandez argues that the factors relied on by the district court to find reasonable suspicion were invalid. We reject this argument.
 
 
 4
 "To detain a suspect, a police officer must have reasonable suspicion, or 'specific articulable facts which, together with reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity.' " United States v. Michael R., 90 F.3d 340, 346 (9th Cir.1996). The facts are to be interpreted in light of a trained officer's experience. Id. To determine whether reasonable suspicion existed, a court must consider the totality of the circumstances. United States v. Cortez, 449 U.S. 411, 411 (1981).
 
 
 5
 Here, Agent Atherton received information about an intrusion sensor alarm signal in the Jacumba border area. Minutes later, he received an anonymous call informing him that a suspicious blue car was traveling northeast away from the border. We have held that the signal from such sensors while the defendant's car was near the border could, by itself, give rise to reasonable suspicion. See United States v. Laird, 511 F.2d 1039, 1039 (9th Cir.1975). Furthermore, based on his seven years of experience with the Jacumba Border Patrol, Agent Atherton knew that immigration offenders often travel northeast from the border and then west on Interstate 8 to avoid immigration checkpoints in the El Centro area. Agent Atherton calculated that it would take a car approximately ten minutes to travel from the border to his lookout point on Interstate 8. Fernandez's blue sedan was the first blue car to pass Agent Atherton within this estimated time-frame. In light of the anonymous call, Agent Atherton's experienced-based predictions, and the fact that Fernandez's car matched the description and timing, Agent Atherton had reasonable suspicion to stop Fernandez.
 
 
 6
 Fernandez also contends that the district court erred by relying on invalid factors such as his Hispanic appearance and Interstate 8's notoriety as a known smuggling route. However, use of such factors is legal when combined with more specific factors like those addressed above. United States v. Rodriguez-Sanchez, 23 F.3d 1488, 1493 (9th Cir.1994).
 
 
 7
 Because the totality of the circumstances constitute reasonable suspicion for an investigatory stop of Fernandez's car, the district court's order denying the motion to suppress was correct.
 
 
 8
 The judgment of the trial court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3