122 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Quintin SOTO-PLATA, Defendant-Appellant.
 No. 96-50592.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Filed Sept. 5, 1997.
 
 Appeal from the United States District Court for the Southern District of California Judith N. Keep, Chief Judge, Presiding
 Before: SCHROEDER, FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Quintin Soto-Plata appeals his conditional guilty plea for possession for intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) following the district court's denial of his suppression motion. Soto-Plata contends the border patrol agent lacked reasonable suspicion to stop Soto-Plata's vehicle. We have jurisdiction pursuant to 28 U.S.C. § :291, and we affirm.
 
 
 3
 The district court's conclusion that reasonable suspicion exists and justifies an investigatory stop is reviewed de novo. See United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989).
 
 
 4
 Reasonable suspicion exists if "an officer is aware of specific articulable facts, that, together with rational inferences drawn from them, reasonably warrant a suspicion that the person to be detained has committed or is about to commit a crime." United States v. Salinas, 940 F.2d 392, 394 (9th Cir.1991). Even if the facts viewed alone do not reflect any illegal activity, viewed as a whole they may support a finding of reasonable suspicion. See United States v. Malone, 886 F.2d 1162, 1165 (9th Cir.1989).
 
 
 5
 Here, two United States Border Patrol agents received information from electronic sensors that there was movement in a remote area heavily used by both alien and drug smugglers. The sensors indicated that foot traffic was traveling near the United States-Mexico border along trails and paths near Interstate 8. After the sensors were triggered, the agents positioned themselves on the interstate to watch for suspicious activity. Agent Knoell testified that he noticed a white BMW go down the hill in the eastbound direction, get off the offramp, go underneath the overpass, and then go back westbound on the interstate. Knoell previously observed this same pattern with different drug trafficking and alien smuggling operations. The agents then followed the BMW, which was going thirty miles per hour and riding heavily in the rear. All of these factors together justify the stop of Soto-Plata's vehicle to investigate possible illegal activity. See Hernandez-Alvarado, 891 F.2d at 1416 (an officer may consider the characteristics of the area in which they encounter a vehicle, proximity to the border, usual patterns of traffic, recent illegal border crossings, and aspects of the vehicle itself to determine reasonable suspicion); see also United States v. Laird, 511 F.2d 1039, 1039 (9th Cir.1975) (holding that signal from sensors while the defendant's car was near the border could give rise to reasonable suspicion). Because the agents had a reasonable suspicion that the BMW was engaged in criminal activity the district court did not err in denying Soto-Plata's suppression motion. See Michael R., 886 F.2d at 346.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3