**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Delvecchio NORMENT, Defendant–Appellant.**

No. 00–10291.

D.C. No. CR S–99–0193–PMP (RLH).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 17, 2001.

Decided July 11, 2001.

Before HUG and T.G. NELSON, Circuit Judges, and PREGERSON,* District Judge.

---

* The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

MEMORANDUM **

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

A district court's denial of a motion to suppress is reviewed de novo on appeal.[1] The district court's factual findings are reviewed for clear error.[2]

◼ The district court correctly concluded that Delvecchio Norment ("Norment") knowingly and voluntarily consented to the search of the car.[3] After considering the relevant factors, the district court concluded that Norment's consent was voluntary and valid. This determination was sufficiently supported by evidence in the record and therefore was not clearly erroneous. The district court found that although Norment had been seized at the time he gave consent, he had merely been detained, and was not under arrest or in custody. We have reviewed de novo the determination that the seizure did not exceed the bounds of a stop and become a *de facto* arrest,[4] and we concur with the district court on the issue. In addition, the district court accurately found that the officers did not have their guns drawn when they requested Norment's consent to search, and that the officers did not read Norment his *Miranda* rights until after conducting the search.[5] Although, as the district court concluded, there is no evidence that the officers informed Norment of his right to refuse consent, evidence that Norment refused to consent to a search of his jacket pocket indicated that Norment knew he had the right to refuse to consent to a search of the car.[6] Finally,

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *United States v. Garcia*, 205 F.3d 1182, 1186 (9th Cir.), *cert. denied*, 531 U.S. 856, 121 S.Ct. 138, 148 L.Ed.2d 90 (2000).

2. *Id.*

3. A district court's determination regarding the validity of consent to search is a factual question reviewed for clear error. *United States v. Cormier*, 220 F.3d 1103, 1112 (9th Cir.2000), *cert. denied*, 531 U.S. 1174, 121 S.Ct. 1146, 148 L.Ed.2d 1009 (2001); *United States v. Castillo*, 866 F.2d 1071, 1082 (9th Cir.1988).

"An individual may waive his Fourth Amendment rights by giving voluntary and intelligent consent to a warrantless search of his person, property, or premises." *United States v. Torres–Sanchez*, 83 F.3d 1123, 1129 (9th Cir.1996). The validity of an individual's consent is a question of fact that depends upon the totality of the circumstances. *Cormier*, 220 F.3d at 1112 The following five factors are relevant in determining whether a person freely consented to a search: "(1) whether defendant was in custody; (2) wheth-

er the arresting officers had their guns drawn; (3) whether *Miranda* warnings were given; (4) whether the defendant was told he had the right not to consent; and (5) whether the defendant was told that a search warrant could be obtained." *Cormier*, 220 F.3d at 1112 (citing *United States v. Morning*, 64 F.3d 531, 533 (9th Cir.1995)). All five factors need not be satisfied to sustain a consensual search, *id.* at 1113, and the presence or absence of any one particular factor is not dispositive on the issue of voluntariness, *United States v. Chan–Jimenez*, 125 F.3d 1324, 1327 n. 3 (9th Cir.1997)

4. *Torres–Sanchez*, 83 F.3d at 1127.

5. While relevant to the issue of voluntariness of consent, the officers were not obligated to read Norment his *Miranda* rights at this point since they had not initiated a custodial interrogation. *See Miranda v. Arizona*, 384 U.S. 436, 478–79, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)

6. *See United States v. Meza–Corrales*, 183 F.3d 1116, 1125 (9th Cir.1999) (court may consider defendant's prior refusal to consent as an indication that he knew he had the right to refuse).

there is no evidence in the record regarding whether the officers told Norment that they could or would obtain a warrant to search his car if Norment refused to consent.

■ The district court's determination that probable cause provided an alternative justification for the officers' search of the car is supported by the evidence in the record, and therefore was not clearly erroneous.[7] The officers legitimately stopped the car after observing the driver exceeding the speed limit.[8] The odor of marijuana gave the officers probable cause to believe that the car contained an illegal substance, justifying a warrantless search of the car.[9]

The seizure of evidence of credit card fraud found during the search of the car was constitutional.[10] The officers were lawfully searching the car when they encountered clearly incriminatory evidence in plain view.[11] Thus, the seizure of that evidence was constitutional.

AFFIRMED.

---

7. Officers who have stopped an automobile legitimately and who have probable cause to believe that contraband is concealed somewhere within it may conduct a warrantless search of the car. *United States v. Ross*, 456 U.S. 798, 807 n. 9, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); *Garcia*, 205 F.3d at 1187. Officers may look in any containers in the car that could contain the object for which they have probable cause to search. *Ross*, 456 U.S. at 825.

8. *See Whren v. United States*, 517 U.S. 806, 819, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (officer may stop car if he has probable cause to believe the driver violated the traffic code).

9. *See United States v. Laird*, 511 F.2d 1039, 1040 (9th Cir.1975) (odor of marijuana emanating from car provides requisite probable cause for search)

10. Evidence within "plain view" may be seized without a warrant if: (1) the initial intrusion is lawful; and (2) the incriminatory nature of the evidence is immediately apparent to the officer. *Horton v. California*, 496 U.S. 128, 136–37, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990); *United States v. Hudson*, 100 F.3d 1409, 1420 (9th Cir.1996). The incriminating nature of an item is immediately apparent "where the officer had probable cause to associate the property with criminal activity." *Hudson*, 100 F.3d at 1420 (internal quotations and citations omitted). Such probable cause exists where "the facts available to the officer would [lead] a man of reasonable caution [to believe] that certain items may be contraband ... or useful evidence of a crime." *Id.* (internal quotations omitted).

11. The scope of the search was not limited by the officers' initial justification for stopping the car or by the reasons the officers sought to search the car.

