**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Humberto ZEPEDA–OROZCO,**
**Defendant–Appellant.**

No. 03–50086.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2003.*

Decided Nov. 18, 2003.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Deborah Rhodes, Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Marnie G. Ganotis, FDCA–Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, FERNANDEZ, and BERZON, Circuit Judges.

## MEMORANDUM **

Humberto Zepeda–Orozco appeals his conviction and claims that the fruits of the search of his truck should have been suppressed.[1] We affirm.

 (1) Zepeda first asserts that, regardless of how egregiously the district court erred when it first ruled on the suppression motion, the law of the case doctrine precluded it from reconsidering and reaching the opposite conclusion. That is not the law. *See City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888–89 (9th Cir.2001); *United States v. Houser*, 804 F.2d 565, 567 (9th Cir.1986); *United States v. Jones*, 608 F.2d 386, 390 (9th Cir.1979); *United States v. Emens*, 565 F.2d 1142, 1144–45 (9th Cir.1977); *cf. United States v. Alexander*, 106 F.3d 874, 876 (9th Cir.1997) (a clearly erroneous ruling is a basis for reconsideration). Thus, we cannot say that the district court erred in reconsidering its ruling on the suppression motion.

(2) If we assume that the border patrol officers did detain Zepeda,[2] we agree with the district court that there was reasonable suspicion so to do. *See United States v. Diaz–Juarez*, 299 F.3d 1138, 1141 (9th Cir.2002); *United States v. Montero–Camargo*, 208 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also United States v. Brignoni–Ponce*, 422 U.S. 873, 884–85, 95 S.Ct. 2574, 2582, 45 L.Ed.2d 607 (1975). The information known to the officer, coupled with his substantial experience, indicated that Zepeda's truck might well be the one that had recently slipped across the border. That was enough to allow the officer to detain and question Zepeda briefly.

(3) When merely asked about what was in the bed of his truck, Zepeda's ensuing actions had all the earmarks of a consent to a search. *See United States v. Murillo*, 255 F.3d 1169, 1175 (9th Cir. 2001); *United States v. Chan–Jimenez*, 125 F.3d 1324, 1327 (9th Cir.1997); *Kim*, 25 F.3d at 1431–32; *United States v. O'Looney*, 544 F.2d 385, 388 (9th Cir.1976). Moreover, once the officer walked toward the back of Zepeda's truck, his nose was assaulted by the strong odor of marijuana emanating from the bed of the truck. That sufficed to give the officer probable cause to search. *See United States v. Garcia*, 205 F.3d 1182, 1187 (9th Cir.2000); *United States v. Garcia–Rodriguez*, 558 F.2d 956, 964 (9th Cir.1977); *United States v. Laird*, 511 F.2d 1039, 1040 (9th Cir. 1975). Thus, the search was proper.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We grant the motion for filing of the reply brief late.

2. The parties dispute that question. Answering it would require exploring whether the officer precluded his movement, or whether other circumstances or desires on his own part did so. *See United States v. Drayton*, 536 U.S. 194, 200–03, 122 S.Ct. 2105, 2110–12, 153 L.Ed.2d 242 (2002); *United States v. Summers*, 268 F.3d 683, 686–87 (9th Cir. 2001); *United States v. Kim*, 25 F.3d 1426, 1431 & n. 2 (9th Cir.1994). In this case, we need not resolve that issue.