**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Frank AGOSTO, Defendant-Appellee.**

No. 73-3539.

United States Court of Appeals,
Ninth Circuit.

July 1, 1974.

Powell, District Judge, dissented and filed opinion.

Brendan D. Lynch, Asst. U. S. Atty. (argued), Los Angeles, Cal., William D. Keller, U. S. Atty., for plaintiff-appellant.

Jack C. Stennett (argued), Torrance, Cal., for defendant-appellee.

Before TRASK and SNEED, Circuit Judges, and POWELL,* District Judge.

OPINION

PER CURIAM.

The United States, as appellant, questions an order of the trial court suppressing evidence following an indictment of Frank Agosto by a federal grand jury. He was charged with possession of marijuana, a controlled substance, with intent to distribute. The indictment was under 21 U.S.C. § 841(a)(1). Appellant is here pursuant to 18 U.S.C. § 3731.

On July 15, 1973, a special agent of the Drug Enforcement Administration was told by a citizen known to him to be a real estate agent that while showing premises in Redondo Beach to a prospective buyer, the citizen had discovered large quantities of marijuana in the garage. The agent and two city officers met with the citizen and satisfied themselves from his description of the material, including its appearance and packaging, that it was marijuana. The officers then went to the house, knocked at the door, and asked to speak to the resident. They were referred to the appellee. Redondo Beach Police Detective Rossiter identified himself and stated that he was conducting an investigation regarding a large amount of what possibly was marijuana in the garage of the house and asked if he could come in. Appellee then asked if the officers had a search warrant.

The testimony as to what occurred after this point is in conflict. In reviewing the conflict the court stated:

"However, the Court finds that the testimony of the officers is to be believed, to the effect that they advised the defendant of his right to refuse his consent and of his right to have an attorney; and the Court finds that the defendant gave consent.

"Nevertheless, with respect to the testimony of the officers, which in substance is uncontroverted to the effect that the defendant was told that unless he gave his consent that the officers would seek or obtain a search warrant and that pending that time that the premises would be retained secure, the Court finds that there is such lack of voluntariness by reason thereof as to vitiate the consent; and, accordingly, the motion is granted with respect to the products of the search of the garage and the seizure thereof."

The court continued by saying that if credibility alone were the deciding factor, the court "would find credibility on the side of the Government's witnesses . . . ." He stated, however, that he viewed the testimony as raising a "close question of law."

We view the question as thus posed to be whether the officer's statement to appellee that "unless he gave his consent . . . the officers would seek or obtain a search warrant and that pending that time . . . the premises would be retained secure," constitutes, as a matter of law, such coercion that an unqualified consent elicited thereafter is vitiated and the search and seizure unlawful.[1]

■■■ We recognize that voluntary consent to a search is an established ex-

---

* Honorable Charles L. Powell, Senior United States District Judge, Eastern District of Washington, sitting by designation.

1. The exact testimony of Detective Rossiter was:
"At that point he asked me if I had a search warrant.
"I stated No, I did not have a search warrant, and that if he didn't wish to talk to me about my investigation I would secure the premises of the garage and go to a judge and attempt to get a search warrant for the garage." R.T. at 32.
In addition, Rossiter testified that he also said to Agosto before the search was made: "Well, I want you to understand that you have the right to refuse me permission to search the garage." Id. at 33.

ception to the warrant requirement of the Fourth Amendment. Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Moreover, the test for consent is whether it was "voluntary," and "[v]oluntariness is a question of fact to be determined from all the circumstances . . . ." *Schneckloth, supra* at 248–249, 93 S.Ct. at 2059. It is the burden of the Government to demonstrate that consent was in fact given, and was not the result of duress or coercion, express or implied. *Id.* at 248, 93 S.Ct. 2041. On appeal the standard of review requires us to determine whether the trial court's findings are clearly erroneous. United States v. Rothman, 492 F.2d 1260, 1264 (9th Cir. 1973); United States v. Page, 302 F.2d 81, 83–86 (9th Cir. 1962) (en banc).

With all of this in mind we return to the court's finding here that consent was given but vitiated by a coercion implied from the statement that, if consent were not given, the officers would get a warrant to search and would secure the garage while the warrant was being obtained. The statement does not pose a question of law for the trial judge. The issue of voluntariness remains a question of fact for his determination based upon the totality of the circumstances. As the Court announced in *Schneckloth*, there is no single controlling criterion. 412 U.S. at 226, 93 S.Ct. 2041. On the precise factor under consideration there, we note that as a matter of law the State need not prove that the individual consenting to a search knew that he had a right to withhold his consent. *Id.* at 229, 93 S.Ct. 2041. Here, we hold that the statement of the officer that he would obtain a search warrant if consent were not given and in the meantime would secure the garage premises is likewise not conclusive as a matter of law.

Other courts which have considered similar search warrant statements have held that they do not preclude a finding of voluntariness. United States v. Jordan, 399 F.2d 610, 614 (2d Cir.), cert. denied, 393 U.S. 1005, 89 S.Ct. 496, 21 L.Ed. 2d 469 (1968); United States ex rel. Gockley v. Myers, 378 F.2d 398, 399–400 (3d Cir. 1967); United States v. Mac-Leod, 207 F.2d 853, 854 (7th Cir. 1953); Gatterdam v. United States, 5 F.2d 673, 674 (6th Cir. 1925); Simmons v. Bomar, 230 F.Supp. 226, 228 (M.D.Tenn.1964), aff'd per curiam, 349 F.2d 365 (6th Cir. 1965). Moreover we do not find that the announcement by the officers of their intention to "secure the garage premises" while they obtained a warrant necessitates a finding that any consent elicited thereafter was "per se involuntary." *See* Simmons v. Bomar, *supra.* Indeed, to have done otherwise might have prejudiced their chances of obtaining the warrant as well as subjected them to criticism for careless police practices had the contraband disappeared during their absence.

We reverse and remand for the trial court to make its own determination, based upon the totality of the circumstances, of the voluntariness of the consent given by appellee.

Reversed.

POWELL, District Judge (dissenting):

I respectfully dissent. The burden was on the Government to show the consent to the search of the garage was voluntary. The record shows circumstances that in my opinion deprive the consent of voluntariness. The majority questions the reasons given by the trial judge for granting a portion of the motion to suppress. I would affirm.