The UNITED STATES of America,
Plaintiff-Appellee,

v.

Frank Fee FONG, Defendant-Appellant.

No. 74–3378.

United States Court of Appeals,
Ninth Circuit.

Dec. 17, 1975.

Joseph C. Morehead (argued), San Francisco, Cal., for defendant-appellant.

Robert D. Ward, Asst. U. S. Atty. (argued), San Francisco, Cal., for plaintiff-appellee.

## OPINION

Before DUNIWAY and WRIGHT, Circuit Judges, and LUCAS,* District Judge.

EUGENE A. WRIGHT, Circuit Judge:

We affirm Fong's conviction of making a false declaration before a grand jury [18 U.S.C. § 1623], and hold that the district court's denial of a motion to suppress, after an evidentiary hearing, was not clearly erroneous and that the court properly denied development of an entrapment defense. Because it was not raised below, we do not consider whether the prosecution must advise a defendant of a right to recant. [18 U.S.C. § 1623 (d).]

---

\* Honorable Malcolm M. Lucas, United States District Judge, for the Central District of California, sitting by designation.

1. The initial questions related to appellant's name, address and occupation. The United States Attorney then asked certain questions about "43 Ross Alley," an alleged center of gambling activity. He then stated:

"I neglected to advise you, Mr. Fong, of the rights that you have as a witness before this Grand Jury. I should have done that before I asked you any questions. Let me advise you, sir, that we are investigating—this Grand Jury is investigating certain alleged violations of Federal Law in Chinatown including gambling violations, essentially and related matters. You have been subpoenaed to appear here because the Grand Jury feel that you have information that might be useful in their investigation [sic]."

Appellant argues essentially: (1) the testimony obtained at the grand jury, giving rise to the perjury prosecution, should have been suppressed because it was obtained in violation of due process; (2) the district court erred by disallowing the development of an "entrapment" defense at trial.

## FACTS

During 1973 the San Francisco Police Department cooperated with the Federal Bureau of Investigation in the investigation of gambling and police corruption in the Chinatown area of San Francisco. In the course of the investigation, appellant Fong gave funds on a regular basis to undercover local police officers, apparently to induce them to restrict police interference with gambling activities.

On September 6, 1973 a federal grand jury began investigation of alleged violations of federal gambling laws [18 U.S.C. § 1955], and of alleged obstruction of local law enforcement [18 U.S.C. § 1511]. The grand jury called approximately 40 witnesses, both police officers, and residents of Chinatown.

On September 20, 1973, appellant appeared as a subpoenaed witness. He had not consulted an attorney prior thereto. After some brief initial questioning,[1] the United States Attorney gave appellant what were functionally equivalent to *Miranda* warnings.[2] The

---

The fact that the warnings were not given until certain answers had already been elicited from appellant cannot be regarded as prejudicial error, since the government does not rely on any of the testimony prior to the giving of the warnings to support its perjury conviction.

2. "MR. WARD: . . . [Y]ou have the right to refuse to answer any questions which you feel might tend to incriminate you, do you understand that?

"THE WITNESS: Understand, sir.

"MR. WARD: Q. And you have the right to consult with an attorney before you answer each question; do you understand that?

"A. Understand.

"Q. And that if you cannot afford an attorney, the Court will appoint one for you; do you understand that?

grand jury record shows that appellant indicated an understanding of the warnings given.[3] During the proceeding appellant invoked no constitutional privilege and did not ask for an attorney.

The questions and answers which gave rise to the perjury prosecution were:

Q: Have you ever given any money to any police officer?

A: No.

Q: Have you ever given any money to anyone who you thought to be a police officer?

A: No.

The district court conducted an evidentiary hearing on defendant's motion to suppress the grand jury testimony and denied the motion. Before that hearing appellant had signed an affidavit stating that he was 63 years of age at the time he went before the grand jury, had limited education, knew little English, and used Chinese as his daily language. Other contrary evidence was introduced.

Appellant testified at the suppression hearing that he had lived in the United States some 50 years prior to appearing before the grand jury; that he knew of friends going before the grand jury prior to his own appearance; and that he understood through an interpreter his right to refuse to answer on grounds of possible self-incrimination. At that hearing the district court also listened to a tape recording made by one of the undercover agents of a street conversation between himself and appellant. In that conversation appellant spoke of "the Federal man ask[ing] about their income tax," of the "Federal Building," and of "lawyers to go down with them [to] . . . Jackson Street." The conversation as a whole demonstrated appellant's ability to communicate in and understand the English language.

Following denial of the suppression motion appellant was tried to a jury and convicted. His sentence to four months in custody was stayed pending appeal.

## THE MOTION TO SUPPRESS

Appellant argues that he was a "putative" defendant at the grand jury proceeding, that he did not knowingly and voluntarily waive his Fifth and Sixth Amendment rights, and that the United States Attorney should have informed him then of his right of recantation under 18 U.S.C. § 1623(d). These errors, asserts appellant, individually or collectively constitute a denial of due process.

We assume, without deciding, that appellant was a putative defendant. *See Robinson v. United States,* 401 F.2d 248, 250 (9th Cir. 1968); *United States v. Mandujano,* 496 F.2d 1050, 1055 (5th Cir. 1974), *cert. granted,* 420 U.S. 989, 95 S.Ct. 1422, 43 L.Ed.2d 669 (1975).

We also assume, without deciding,[4] that a putative defendant appearing be-

---

"A. Understand.

"Q. And any answers you give here today may be used against you in a criminal proceeding, do you understand that?

"A. Understand.

"Q. If at any time during these proceedings you wish to stop the proceedings and invoke your Fifth Amendment privilege or consult with an attorney, advise us and we will stop the questioning.

"A. Understand."

**3.** *See* note 2 *supra.* At the suppression hearing, the grand jury reporter testified that a specific interpreter, Mr. Tom, must have been employed during this questioning, because he "generally answers with one word, he says 'Understand,' and every one-word answer . . . that says 'Understand' is Mr. Tom's word." The district court determined, however, that Mr. Fong fully understood the warn-

ings without the need of an interpreter. It is this determination which we review.

**4.** In *United States v. Wong* (9th Cir. Sept. 23, 1974), *petition for cert. filed,* United States Supreme Court, No. 74–635, Nov. 22, 1974, 43 USLW 3392; 44 USLW 3020, this court held due process required that a putative defendant must be given "warnings which in fact apprise the witness of the right to remain silent and which thoroughly obviate the substantial danger created of involuntary self-incrimination of perjury . . . ." (Slip op. at 3) (Citing cases.) The holding in *Wong* is similar to that in *Mandujano, supra.* We need not rely on either to decide this case. Here, unlike in *Mandujano,* full *Miranda* warnings were given; and unlike in *Wong,* the warnings were understood and the rights were intelligently waived.

fore a grand jury must ge given *Miranda* warnings.[5]  *See Mandujano, supra,* 496 F.2d at 1052; *Robinson, supra,* 401 F.2d at 251 (implication).  *Cf. Miranda v. Arizona,* 384 U.S. 436, 467, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Appellant's counsel conceded at oral argument that the warnings given (*see* footnote 2) were adequate under *Miranda.*  He asserts, however that because of appellant's age, ancestry, lack of education and language difficulties, appellant did not understand the warnings, and therefore did not knowingly and voluntarily waive his rights.

The district court after the evidentiary hearing concluded:

. . . But it does seem to me on the entire Record and considering Mr. Fong's background and experience and the nature of the questions that were put to him and the simple language of the explanation of his rights to him that he was under no misunderstanding of what his rights were.  I think he was fully aware that he could have had a lawyer, fully aware that he could have exercised the Fifth Amendment rights and for whatever purposes he thought sufficient he decided it would be better to deny everything rather than to give the truth in testimony.

It simply is not a case in which I can find that he was in any way misled or that he didn't understand what was going on and what his rights were.

■ The determination whether appellant understood his rights, and whether he knowingly and voluntarily waived them, is in the first instance one of fact to be determined from all the circumstances.  *Cf. Schneckloth v. Bustamonte,* 412 U.S. 218, 248–49, 93 S.Ct. 2041, 36

L.Ed.2d 854 (1973) (consent search); *United States v. Agosto,* 502 F.2d 612, 614 (9th Cir. 1974) (consent search); *United States v. Page,* 302 F.2d 81, 83 (9th Cir. 1962) (en banc) (consent search).[6]  The denial of this type of motion to suppress will be upheld unless "clearly erroneous."  *Agosto, supra,* 502 F.2d at 614, and cases cited therein.

■ In this case the evidence presented at the suppression hearing was more than sufficient to support the district court's finding.  Moreover, that court had the opportunity, unavailable to us, to observe first hand the ability of Mr. Fong to communicate in and understand English.  *Compare Page, supra,* 302 F.2d at 84.  We cannot say the denial of the motion was clearly erroneous.

■ As appellant concedes, his argument that the motion to suppress should have been granted because of the United States Attorney's failure to notify him at the grand jury of his right to recant under 18 U.S.C. § 1623(d) was not presented to the district court at the suppression hearing.  Therefore we cannot entertain it here.  Fed.R.Crim.P. 12(b)(2).  Indeed, the issue was not presented at all during the trial.  This also precludes our review, "absent a showing that the attainment of fundamental justice is at stake."  *United States v. Murray,* 492 F.2d 178, 193 (9th Cir. 1973).  *See also United States v. Clements,* 471 F.2d 1253, 1254 (9th Cir. 1972).

### THE "ENTRAPMENT" DEFENSE

■ Appellant argues "the United States Attorney intended to entice the appellant into committing perjury before the Grand Jury."  He alleges that the trial court erroneously disallowed the

---

5.  By stating "you have the right to refuse to answer," and "if you cannot afford an attorney, the Court will appoint one for you," the United States Attorney in this case avoided the problems presented in *Mandujano, supra,* 496 F.2d at 1051, where these two warnings were not given.

6.  The test for determining a competent and intelligent waiver is the same regardless of which constitutional right is being waived.  *United States v. Dujanovic,* 486 F.2d 182, 186 (9th Cir. 1973).

presentation of this "entrapment" defense. He first argues that he was entrapped by the undercover agents who led him to believe that the grand jury investigation pertained to income tax matters. But he was subpoenaed before the grand jury anyway, and was not in any way "enticed" into going by this alleged falsehood.

■ Second, appellant argues that the lack of proper *Miranda* warnings, forcing him to choose between perjury and self-incrimination, constituted entrapment. For this proposition he relies on some unfortunate language in *Mandujano, supra,* 496 F.2d at 1055, that "this case 'smacks' of entrapping Mandujano to incriminate himself or commit perjury." The statement relates only to the dilemma faced by the putative defendant when not given *Miranda* warnings at a grand jury proceeding. It does not pertain to "entrapment" in the traditional sense. *See, e. g., United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); *United States v. Demma,* 523 F.2d 981 (9th Cir. 1975) (en banc).

Since in this case appellant received full *Miranda* warnings, the dilemma perceived by the *Mandujano* court is not here present. The trial court properly disallowed development of the entrapment defense.

Affirmed.