**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Carlos LUJAN–CASTRO,
Defendant-Appellant.**

**No. 79–1027.**

United States Court of Appeals,
Ninth Circuit.

July 24, 1979.

(i) the environmental impact of the proposed action . . . . .
(Emphasis added.)

Frank R. Zapata, Asst. Federal Public Defender, Fredric F. Kay, Tucson, Ariz., for defendant-appellant.

Gerald S. Frank, Asst. U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before SNEED and HUG, Circuit Judges, and ZIRPOLI,* District Judge.

PER CURIAM.

Carlos Lujan-Castro moved the district court to dismiss the indictment against him on the grounds that the waiver of his right to have the government maintain the presence of four deportable alien witnesses was

* The Honorable Alfonso J. Zirpoli, Senior United States District Judge for the Northern District of California, sitting by designation.

ineffective. The district court denied the motion to dismiss, and Lujan-Castro subsequently was convicted of two counts of transporting illegal aliens, in violation of 8 U.S.C. section 1324(a)(2). He appeals, citing as error the denial of his motion to dismiss the indictment. We affirm.

In the early morning hours of October 4, 1978, agents of the Border Patrol stopped a pickup truck near Douglas, Arizona. The truck, which was being driven by appellant, contained six illegal aliens. Appellant and the others were arrested, and appellant was interviewed at intervals over the next several hours. Approximately four hours after the arrest, the agents requested a waiver by the appellant of his right to have the government retain custody of four of the six deportable aliens. This waiver consisted of two forms, both written in Spanish, appellant's native tongue. The first advised appellant that he had a right to require the government to retain deportable aliens who might be witnesses on his behalf; that once released the witnesses could not be brought back to testify; and that appellant was entitled to the assistance of counsel in deciding whether to request the retention of the aliens. The second form recited that appellant had read the first form and understood his rights; it further stated that appellant knowingly and willingly relinquished these rights and agreed to permit the release of the aliens. Appellant, after some deliberation, signed both forms. Four of the six aliens who had been arrested with appellant were returned to Mexico the same day.

Prior to trial, appellant moved the district court to dismiss on the grounds that the release of the four aliens denied him due process and his right to compel the attendance of favorable witnesses. The district court conducted a hearing on the motion and took testimony concerning the circumstances under which the waiver forms were executed. The district court concluded that the waiver had been knowingly and intelligently made, and denied the motion.

Appellant argues that the denial of the motion to dismiss was error in two respects.

First, he claims that the district court was mistaken in its conclusion that the waiver was knowingly and intelligently executed. Second, he claims that the waiver of a right of such magnitude cannot be proper as a matter of law unless made in the presence of a judge or magistrate, or with the assistance of counsel. We reject both claims.

■■■ The district court's conclusion that the waiver was knowingly and intelligently executed is a finding of fact that may not be disturbed unless clearly erroneous. *United States v. Fong*, 529 F.2d 55, 58 (9th Cir. 1975); *United States v. Agosto*, 502 F.2d 612, 614 (9th Cir. 1974). Ample evidence in the record supports the district court's conclusion regarding appellant's state of mind at the time he executed the waiver forms, and while the testimony conflicted in some respects, it is not the province of this court to reassess the credibility of witnesses.

■■■ The question we must therefore determine is the circumstances under which a knowing and intelligent waiver of the right to retain a deportable alien witness is effective. The right to demand the retention of such witnesses was established by this court in *United States v. Mendez-Rodriguez*, 450 F.2d 1 (9th Cir. 1971). We also have intimated that this right may be waived, *United States v. Tsutagawa*, 500 F.2d 420, 423 (9th Cir. 1974), and the parties do not dispute this premise. Appellant invites us to establish as the predicate for such a waiver the presence of a magistrate, a judge, or counsel. We decline this invitation. It is clear that rights of at least equal stature may be relinquished without the assistance of counsel or an appearance in court. For example, an accused may waive the right to remain silent, or the right to the assistance of counsel, *Miranda v. Arizona*, 384 U.S. 436, 475, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and may waive the right to be brought promptly before a magistrate, *United States v. Indian Boy X*, 565 F.2d 585, 591 (9th Cir. 1978), all without the presence of an attorney, a judge, or a magistrate. While we reaffirm the significance of the right to retain deportable alien witnesses as established in *Mendez-Rodriguez*,

*supra,* we are unwilling to exalt that right above other equally important rights of constitutional derivation. Instead, we require that the waiver be knowingly and intelligently made. See *Brewer v. Williams,* 430 U.S. 387, 404, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977); *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The trial court found that the government met its burden on this issue, and we do not disturb that finding. Accordingly, the conviction must be affirmed.

The judgment of conviction is affirmed.