UNITED STATES of America, Plaintiff-Appellee,

v.

Jeffrey Dean OCHELTREE, Defendant-Appellant.

No. 79-1542.

United States Court of Appeals, Ninth Circuit.

July 3, 1980.

As Modified on Denial of Rehearing Sept. 24, 1980.

Stephen E. Hoffman, Frank & Milchen, San Diego, Cal., argued, for defendant-appellant; Howard B. Frank, San Diego, Cal., on brief.

Peter K. Nunez, Asst. U. S. Atty. (on the brief), Michael H. Walsh, U. S. Atty., Peter K. Nunez, Asst. U. S. Atty. (argued), San Diego, Cal., for plaintiff-appellee.

Before MERRILL and FERGUSON, Circuit Judges, and SMITH,* District Judge.

MERRILL, Circuit Judge:

Appellant was convicted of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1). In the court below he sought unsuccessfully to suppress certain evidence as the fruit of an unlawful search. He then waived jury trial and consented to have the question of guilt decided on the basis of the evidence received on motion to suppress. We agree with appellant that the motion to suppress should have been granted.

Appellant and a codefendant arriving on a flight to San Diego had aroused the suspicions of Drug Enforcement Administration agents at the airport and had been placed under surveillance. On their return to the airport the following day, they purchased flight tickets, checked two suitcases and then were stopped, each by a separate agent. When appellant was stopped the agent identified himself as a police officer, advised that he was conducting a narcotics investigation and asked appellant if he had any objections to accompanying the officer to his office for a talk. Appellant responded that he didn't mind. They walked to the office—a walk of a minute or two—with appellant carrying a briefcase. In the office the agent asked appellant if he had any narcotics on his person. Appellant said that he did not. The agent then asked whether he could search appellant and his briefcase. He advised that appellant was under no obligation whatsoever to permit the search, and that if permission was given it could be withdrawn at any time. The agent also stated, however, that if permission were denied the agent would attempt to get a search warrant.

Appellant gave his consent to the search. In the briefcase narcotics paraphernalia, documents and record books were found. On the basis of this discovery appellant and his codefendant were detained while a warrant to search the suitcases was obtained. That search disclosed contraband which was the subject of the motion to suppress.

In *Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979), the Court held that custodial detention on less than probable cause constitutes an unlawful seizure of the person under the Fourth Amendment, and that statements obtained during the course of such detention, even though voluntary for purposes of the Fifth Amendment, are tainted by the unlawful seizure and must be suppressed. Our court has followed *Dunaway* in *United States v. Perez-Esparza*, 609 F.2d 1284 (1980), and *United States v. Chamberlin*, 609 F.2d 1318 (1979).

In *United States v. Mendenhall*, —— U.S. ——, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980), the Court dealt with the airport stop of a suspect. Drug Enforcement Administration agents requested that the suspect accompany them to their office. She consented and while there consented to a search of her person which disclosed contraband. The district court found that she had accompanied the agents to their office voluntarily and that her consent to the search was freely and voluntarily given. The Supreme Court held that the evidence was adequate to support these findings. The Court held, —— U.S. at ——, 100 S.Ct. at 1879:

"Because the search of the respondent's person was not preceded by an impermis-

---

* Honorable Russell E. Smith, Senior United States District Judge of the District of Montana, sitting by designation.

sible seizure of her person, it cannot be contended that her apparent consent to the subsequent search was infected by an unlawful detention."

In our case appellant does not dispute that the initial stop was based upon reasonable suspicion. Thereafter, appellant voluntarily accompanied the Drug Enforcement Administration agent to his office and there is nothing to suggest that the consent was coerced. Thus, under *Mendenhall*, the search of appellant's briefcase was not preceded by an impermissible seizure, since the detention of appellant was with his consent. The search was not, then, infected by an unlawful detention, and *Dunaway* does not require that the contents of the briefcase be suppressed for that reason.

Nevertheless, the consent to search the briefcase (as distinguished from the consent to go to the agent's office) was not voluntary. When the agent informed appellant that if consent was not forthcoming he would attempt to secure a search warrant, there was a clear implication that appellant would be retained in custody until the warrant was obtained. The only reasonable construction appellant could place on the agent's statement was that appellant would not be permitted to frustrate the agent's attempts by boarding his plane and thus placing himself beyond reach of the very warrant which the agent sought to obtain. *United States v. Agosto*, 502 F.2d 612 (9th Cir. 1974), does not require a different result. There, consent to search the defendant's garage was sought. Defendant was advised that he had the right to refuse permission but that if such right was exercised the officers would 'secure the premises of the garage and attempt to get a search warrant for the garage.' We held that consent obtained under these circumstances was voluntary. However, there was not in that case a threat that unreasonable detention, amounting to arrest, would result if consent were denied.

Appellant contends that until after the briefcase had been searched the agent did not have probable cause to believe that he was in possession of narcotics. The government in its brief does not dispute this. Thus, retaining appellant in custody would have been an unlawful arrest under *Dunaway*. While appellant was not actually subjected to a *Dunaway* arrest, consent obtained under threat of subjecting appellant to such an arrest cannot be said to be voluntary.

Judgment reversed.

RUSSELL E. SMITH, District Judge, dissenting.

I dissent.

The clearly erroneous rule governs the review of an order of the district court denying a motion to suppress,[1] even where the district court makes no express findings but simply denies the motion.[2]

The evidence bearing upon the validity of the search is contained in the testimony about the exchange between the Drug Enforcement Agent and Ocheltree, as follows:

Q. What happened when you got into the office?

A. I immediately asked him if he had any narcotics on his person, and he said, "No," and I said, "Can I search your person and your briefcase, and I advised him that he was under no obligation whatsoever to let me search, and if he did give me permission to search, he could deny that permission any time he so desired.

Q. Was there any discussion about the search warrant?

A. Yes, I advised him if he denied me permission to search, that we would attempt to get a search warrant.

Q. That you would attempt to get a search warrant.

A. Yes.

Q. What was his response to that statement?

A. He said he didn't mind if I searched his briefcase and his person.

Q. Did you do so?

---

**1.** *United States v. Page*, 302 F.2d 81 (9th Cir. 1962).

**2.** *United States v. Bethea*, 598 F.2d 331 (4th Cir. 1979).

A. I did.[3]

I find in this no direct threat to detain Ocheltree. Perhaps he thought that if he did not consent he would be detained while a search warrant was being obtained, and the inference drawn by the majority is a permissible inference. On the other hand, there were other equally permissible inferences. The record would support a trial judge's conclusion that Ocheltree knew he had been followed before he was stopped, and when asked to consent, the following considerations could have run through his mind: that if he did not consent he would be permitted to leave; that he would be followed again; that his chances of disposing of the incriminating briefcase were slight; that a consent to a search would evidence cooperation on his part and result in leniency somewhere along the line. If these inferences were drawn, then the choice to consent was voluntary.[4]

In my opinion it cannot be said that the ruling of the trial judge was clearly erroneous.[5]

I would affirm.

---

3. The parties stipulated to an agent's report containing a summary of the quoted evidence.

4. The word "voluntary" cannot be used here in the same sense as when a choice is made between cheddar cheese or vanilla ice cream on apple pie. In a consent to search or confession situation, the forces of law have focused upon one individual who, if guilty (as appellant was here), knows exactly what he has done. His problem is how best it minimize the penalties. The choice may be between evils, but it in nonetheless voluntary.

5. Cf., United States v. Lopez, 581 F.2d 1338 (9th Cir. 1978).