By _____
(Deputy Clerk)

IN THE DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

COMMONWEALTH OF THE NORTHERN    )
MARIANA ISLANDS,                )
                                )
          Plaintiff-Appellee,   )    DCA CASE NO. CR 84-9018
     v.                         )
                                )
PEDRO TAITANO,                  )         O P I N I O N
                                )
          Defendant-Appellant.  )
_____)

BEFORE:  LAURETA, DUENAS and WATERS*, District Judges

WATERS, District Judge

     Defendant, Pedro Taitano, appeals from his conviction after court trial before the Commonwealth Trial Court for aiding and abetting a disturbance of the peace, disturbance of the peace and riot.

                                I

     On May 12, 1984 sometime after 10:00 p.m., Henry Sablan was badly beaten and shot by a group of between seven and ten individuals.  This incident occurred on Saipan on a road adjacent to a social hall where a wedding party was in progress.  On May 18, 1984, the defendant, Pedro Taitano, was charged by Information with aggravated assault and battery, riot and disturbing the peace for his alleged involvement in the beating.  A Second Amended Information dated July 2, 1984, charged the defendant with riot in

_____
*   The Honorable Laughlin E. Waters, United States District Judge for the Central District of California, sitting by designation.

358

violation of 6 CMC § 3102 and disturbing the peace in violation of 6 CMC § 3101.

Prior to the commencement of the court trial in this matter, counsel for the government filed a motion to dismiss. That motion was denied. Trial was held over a three-day period, and on July 6, 1984, the court found the defendant guilty of aiding and abetting a disturbance of the peace, disturbing the peace, and riot.

Defendant has raised the following issues on appeal: 1) whether his conviction was supported by the evidence; 2) whether the trial court was biased against him; and 3) whether his conviction for both riot and disturbing the peace violated the Double Jeopardy Clause of the Fifth Amendment.

II

The standard of review to be applied to defendant's challenge to the sufficiency of the evidence is whether there is substantial evidence to support the conviction. United States v. Nolan, 700 F.2d 479, 485 (9th Cir. 1983). A conviction is supported by sufficient evidence if, reviewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); United States v. Marabelles, 724 F.2d 1374, 1377 (9th Cir. 1984). The same test is applied in both jury and bench trials. United States v. Spears, 631 F.2d 114, 117 (9th Cir. 1980).

The evidence presented by the government consisted primarily of the testimony of Donald Pangelinan. Pangelinan testified that he was on the road outside of the wedding party on the night of

May 12, 1984. Sometime between 10:00 and 11:00 p.m., he saw a white Suzuki jeep driven by Henry Sablan stop in the middle of the road. He testified that three individuals who he was able to identify pulled Sablan out of the jeep and began beating and kicking him. Pangelinan further testified that these three were shortly joined by a nearby group of several persons and that all of those persons continued the beating. He unequivocally identified the defendant as one of the persons in the group and stated that the defendant did beat Sablan.

Defendant argues preliminarily that the testimony of Donald Pangelinan was so inherently improbable that it was not entitled to belief. This is based primarily on the fact that Pangelinan could not remember whether seven or four people had joined the original three in the beating of Henry Sablan. The trial court made an explicit finding that Pangelinan's testimony was "credible and trustworthy." "[I]t is not the province of the Court of Appeals to reassess the credibility of witnesses." United States v. Lujan-Castro, 602 F.2d 877, 878 (9th Cir.), cert. denied, 444 U.S. 945 (1979). Consequently, the trial court's determination must be accepted.

Defendant's main contention is that, even if accepted, Pangelinan's testimony is against the overwhelming weight of evidence. Defendant asserts that the three witnesses called on his behalf all testified that the defendant did not participate in the beating. A review of the record establishes that this is not correct. Of the three witnesses called by the defense, one testified that he did not witness the incident in question, one testified that he was too far from the incident to identify the participants, and the third testified that he left the area

shortly after the beating began. The only witness at the scene for the entire relevant time who had an adequate view was Donald Pangelinan. His testimony, which the trial court specifically found to be credible, identified the defendant as one of the participants. It cannot be said that the conviction here was against the overwhelming weight of evidence.

Defendant also raises the issue of whether the trial court could have found the defendant guilty of aiding and abetting a disturbance of peace on the basis of allegedly equivocal testimony of one of the government witnesses. We need not reach this question. An appellate court may affirm the district court on any basis fairly presented by the record that, as a matter of law, sustains the judgment. United States v. Burnette, 698 F.2d 1038, 1048 (9th Cir.), cert. denied, 461 U.S. 936 (1983). Insofar as the trial court's conviction of the defendant of disturbing the peace found sufficient support in the record, it is of no consequence that the trial court also convicted him on the alternative theory of aiding and abetting a disturbance of the peace.

                                III

Defendant claims that the trial court was biased against him. This assertion is based on the fact 1) that the trial court refused to grant the government's motion to dismiss unless the defendant waived his right to a speedy trial and his right not to be harassed by further prosecutions, and 2) that the court allegedly harassed and confused defendant's counsel and gave leading hints during the cross-examination of Pangelinan. The conduct of the trial judge which gives rise to charges of partiality is reviewed for abuse of discretion. United States v.

Greene, 698 F.2d 1364, 1374-75 (9th Cir. 1983).

As to defendant's first contention, the colloquy between the court and counsel in connection with the government's motion to dismiss clearly demonstrates that the court was concerned with the government's stated intention to refile the action at a later date, after the trials of the allegedly more culpable defendants. On several occasions, the trial court indicated that such a course of action could conceivably prejudice the defendant's rights to a speedy trial. When the defendant's counsel stated that his client was unwilling to waive his rights under the Speedy Trial Act or waive his right to assert government harassment at a later date, the court proceeded with the trial. The refusal to grant the government's motion was based upon an apparently valid concern in connection with the defendant's right to a speedy trial. In light of the government's stated intention to refile the action, the trial court's denial of the motion to dismiss cannot be deemed to be an abuse of discretion. Defendant's second contention, that the trial court acted improperly during counsel's cross-examination of Pangelinan, finds no support. The trial court's interjections complained of on appeal appear to be little more than efforts by the court to assist in assuring that the record was accurate and that the testimony was relevant and complete.

IV

The defendant was convicted and sentenced for both disturbing the peace under 6 CMC & 3101 and riot under 6 CMC § 3102. These sections read as follows:

Section 1301. Disturbing the Peace

(a) A person commits the offense of

disturbing the peace if he or she unlawfully and willfully does any act which unreasonably annoys or disturbs another person so that the other person is deprived of his or her right to peace and quiet, or which provokes a breach of the peace.

(b) A person convicted of disturbing the peace may be punished by imprisonment for not more than six months.

Section 1302. Riot

(a) A person commits the offense of rioting if he or she assembles with two or more other persons and together with the latter, by force, violence, loud noise, shouting or threats, places others in fear or danger.

(b) A person convicted of rioting may be punished by imprisonment for not more than six month.

The defendant argues that his conviction under both sections violates the Double Jeopardy Clause of the Fifth Amendment and Article 1, Section 4(a) of the Northern Mariana Islands Constitution. Defendant's position is that one cannot riot without also disturbing the peace and thus conviction for both is impermissible.

The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." "It has long been understood that separate statutory crimes need not be identical -- either in constituent elements or

363

in actual proof -- in order to be the same within the meaning of constitutional prohibition." Brown v. Ohio, 432 U.S. 161, 164 (1977). The established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was stated in Blockburger v. United States, 284 U.S. 299, 304:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

The government here argues that the crimes of disturbing the peace and riot are distinct offenses under this test. Although a defendant will often disturb the peace while participating in a riot, the former offense requires proof that the defendant "unreasonably annoys or disturbs another person" which is not required to be demonstrated in order to convict one of riot. Riot requires that others be placed in "fear or danger," and the government argues that this can occur without unreasonably annoying or disturbing these others. The government cites as an example the placing of sleeping persons in danger. This would constitute a riot under section 3102 but would not constitute a breach of the peace under section 3101 since no person was annoyed or disturbed. The government's hypothetical points to the difference in the elements necessary to prove a violation of each of the sections. Under the Blockburger test, this is all that is needed to avoid running

364

afoul of the Double Jeopardy Clause.

The judgment of the trial court is affirmed.

DATED: _19 Sept. 1985_         _____
                                            ALFRED LAURETA

DATED: _13 _____          _____
                                            CRISTOBAL C. DUENAS

DATED: _6 Sep 85_             _____
                                            LAUGHLIN E. WATERS