977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Israel HERNANDEZ-ARCE, Defendant-Appellant.
 No. 91-50584.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 1, 1992.
Submission Deferred June 17, 1992.
Resubmitted Sept. 9, 1992.*
Decided Oct. 20, 1992.
 
 1
 Before POOLE, BRUNETTI and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Israel Hernandez-Arce (Hernandez) appeals his conviction and sentence for the transportation of unlawful aliens in violation of 8 U.S.C. § 1324. Hernandez claims that the district court erroneously ruled that Hernandez waived his right to detain material witnesses and erroneously refused to hold an evidentiary hearing on Hernandez's motion to suppress evidence. Hernandez also argues that the district court erred by departing upward four levels based upon his high-speed flight from authorities. We affirm the conviction, vacate the sentence, and remand for resentencing.
 
 STATEMENT OF CASE
 
 4
 On January 29, 1991, Hernandez drove a white van north on Interstate 15 toward a Border Patrol checkpoint near Temecula, California. In the van were four unlawful aliens. Two Border Patrol vehicles followed Hernandez after he made a U-turn shortly before the checkpoint and began driving south. Hernandez exited the highway. The Border Patrol agents activated their red lights when Hernandez passed another car in a no passing zone. Hernandez led the agents on a 100-mile chase at speeds of up to 85 miles per hour before turning onto the shoulder of the road and running into some bushes.
 
 
 5
 When Hernandez was arrested, a Border Patrol agent informed him in Spanish that he could have witnesses detained so that he could later use their testimony. Hernandez signed a form waiving this right and two of the aliens were released.
 
 
 6
 Hernandez moved to suppress all evidence stemming from his arrest on the ground that the Border Patrol agents stopped him without reasonable suspicion. The district court denied the motion without an evidentiary hearing. Hernandez also moved to dismiss the indictment because the government deported two material witnesses and he involuntarily waived his right to detain these witnesses. The district court held an evidentiary hearing on the voluntariness of the waiver. Hernandez testified that he understood when he signed the waiver that he could detain witnesses. The court ruled that Hernandez understood the waiver form and that he voluntarily waived his right to detain material witnesses.
 
 
 7
 Hernandez entered a conditional guilty plea to one count of transporting illegal aliens. The district court found a base offense level of nine and added two points for reckless endangerment under section 3C1.2 for a total offense level of eleven, with a criminal history category of I. The guidelines range was eight to fourteen months. The district court departed upward four levels under application note 8 to section 2L1.1 because of the dangerous and inhumane treatment of the aliens and sentenced Hernandez to twenty-four months.
 
 DISCUSSION
 A. Deportation of Material Witnesses
 
 8
 Hernandez argues that the deportation of alien witnesses violated his rights under the Fifth and Sixth Amendments. United States v. Valenzuela-Bernal, 458 U.S. 858, 872-73, 102 S.Ct. 3440, 3449, 73 L.Ed.2d 1193 (1982). A defendant may waive the right to retain deportable alien witnesses, but that waiver must be knowing and intelligent. United States v. Lujan-Castro, 602 F.2d 877, 878 (9th Cir.), cert. denied, 444 U.S. 945, 100 S.Ct. 306, 62 L.Ed.2d 314 (1979). The district court did not err by finding that Hernandez knowingly and intelligently waived his right to detain deportable alien witnesses. Hernandez testified that he understood that he was being asked if he wanted to detain witnesses. A defendant need not understand all possible consequences that would flow from waiving a right in order to execute a valid waiver. Derrick v. Peterson, 924 F.2d 813, 824 (9th Cir.1990), cert. denied, --- U.S. ----, 112 S.Ct. 161, 116 L.Ed.2d 126 (1991).
 
 
 9
 Hernandez claims that the waiver form he signed was so misleading that any consent was void. We will not reach this question as it was not raised before the district court. United States v. Smith, 905 F.2d 1296, 1302 (9th Cir.1990).
 
 B. Motion to Suppress Evidence
 
 10
 Appellant argues that the district court abused its discretion by refusing to hold an evidentiary hearing on his motion to suppress. According to Hernandez, the Border Patrol agents lacked reasonable suspicion to stop him before they activated their red lights and siren. However, under California v. Hodari D., --- U.S. ----, 111 S.Ct. 1547, 1552, 113 L.Ed.2d 690 (1991), Hernandez was not seized until his van collided with bushes at the end of the 100-mile chase. See United States v. Santamaria-Hernandez, 968 F.2d 980, No. 91-50376, slip op. 8079, 8085 (9th Cir. July 7, 1992). By that time the Border Patrol agents clearly had reasonable suspicion to stop Hernandez. He made a U-turn in front of a Border Patrol checkpoint, he drove a vehicle commonly used to transport aliens, and he fled at high speed from Border Patrol agents and committed a number of traffic offenses as he did so. These "specific, articulable facts" gave the officers "a basis for suspecting that [Hernandez was] engaged in criminal activity." United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989).
 
 C. Upward Departure
 
 11
 The district court had the authority to depart upward under application note 8 to U.S.S.G. § 2L1.1 because of Hernandez's dangerous treatment of the aliens. United States v. Hernandez-Rodriguez, No. 91-50572, slip op. 11175, 11179-82 (9th Cir. Sept. 15, 1992). However, the district court failed to explain the amount of its departure, nor did it analogize to other portions of the Guidelines. United States v. Lira-Barraza, 941 F.2d 745, 751 (9th Cir.1991) (en banc). Without the benefit of the district court's reasoning we find it impossible to conclude that the four-level departure was reasonable. Id.; see United States v. Streit, 962 F.2d 894, 903 (9th Cir.1992) (this court considers "the reasons actually articulated by the district court both for the departure and the extent of the departure"). Therefore we vacate the sentence and remand for resentencing.
 
 
 12
 AFFIRMED in part, sentence VACATED, and REMANDED for resentencing.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3