21 F.3d 1116
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Simon FORTANEL-GONZALES, Defendant-Appellant.
 No. 93-10135.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 29, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Simon Fortanel-Gonzales appeals his convictions following jury trial for possession with intent to distribute and importation of marijuana in violation of 21 U.S.C. Secs. 841(a)(1), 952(a) and the denial of his motion for a new trial. Fortanel-Gonzales contends that the district court should have granted a new trial because newly discovered evidence showed that a government witness committed perjury. He also contends the district court erred by (1) excluding statements of a defense witness as hearsay and (2) not dismissing the indictment due to the release of a material witness. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 * New Trial Motion
 
 
 4
 Fortanel-Gonzales contends the district court erred by denying his new trial motion. We review for abuse of discretion the denial of a new trial motion based on newly discovered evidence. United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992).
 
 
 5
 To obtain a new trial based on newly discovered evidence that a government witness committed perjury, the defendant carries a "significant burden" to establish (1) the evidence is in fact newly discovered; (2) diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence probably would result in his acquittal. United States v. Steel, 759 F.2d 706, 713 (9th Cir.1985) (citing United States v. Krasny, 607 F.2d 840, 843 (9th Cir.1979), cert. denied, 445 U.S. 942 (1980)). In determining whether an acquittal would probably result upon retrial, we consider whether the perjury affected a key or an inconsequential witness and whether it affected the bulk of the testimony or only a minor or collateral issue. Krasny, 607 F.2d at 845.
 
 
 6
 At trial, Fortanel-Gonzales testified that he drove Benito Montes de Oca from Mexico to Arizona on Saturday at 6:00 p.m. because Montes de Oca needed to get some medication from his niece, Lydia Stage, who worked at a drug store. In rebuttal, Stage testified that the drugstore closed at 12:30 p.m. on Saturdays, she did not work on Saturdays, she had no plans to meet her uncle that day, her uncle never visited her unexpectedly or came to her for medication, and the last time she had seen her uncle was one week before the arrest.
 
 
 7
 After the trial, Montes de Oca's landlord told a defense investigator that Stage had put Montes de Oca on a bus to Guadulajara a few days after the arrest.
 
 
 8
 Fortanel-Gonzales contends that this new information shows that Stage lied about the time she last saw her uncle and was responsible for his disappearance, and concludes that in a new trial, this evidence probably would produce an acquittal. We disagree. The bulk of Stage's testimony--such as her work schedule, the pharmacy's business hours, her denial of ever having given her uncle medication, and her lack of plans to see her uncle--was important because it undercut Fortanel-Gonzales' explanation for his trip across the border. The alleged discrepancy between the last time Stage saw her uncle was a minor matter. Therefore, Fortanel-Gonzales has not shown that the newly discovered evidence was material or that it probably would have resulted in his acquittal. See Krasny, 607 F.2d at 845. Accordingly, the district court did not abuse its discretion by denying the new trial motion. See Reyes-Alvarado, 963 F.2d at 1188.
 
 II
 Jurisdiction over Direct Appeal
 
 9
 We must first consider whether we have jurisdiction over the trial issues.
 
 
 10
 Counsel filed a timely notice of appeal from the judgment of conviction. A few months later, counsel voluntarily dismissed the direct appeal, with her client's signed consent, and moved in the district court for a new trial based on newly discovered evidence. After an evidentiary hearing, the district court denied the motion. Counsel then filed a notice of appeal purporting to appeal both the judgment and the denial of the new trial motion.
 
 
 11
 It was not necessary for counsel to dismiss the direct appeal before filing the new trial motion because if the district court intended to grant the motion, counsel could have moved for a limited remand from this court. See United States v. Coleman, 688 F.2d 663, 664 (9th Cir.1982) (district court has jurisdiction to hear and deny a new trial motion while a direct appeal is pending, but may not grant such a motion until the case has been remanded). Nonetheless, we have excused flawed attempts to perfect an appeal in comparable situations. See, e.g., United States v. Davis, 960 F.2d 820, 824 (9th Cir.) (when all defendants appealed the judgment of conviction, but only one defendant appealed the denial of new trial motion, court considered appeal of new trial motion as to all defendants because government was not prejudiced), cert. denied, 113 S.Ct. 210 (1992); Stone v. Godbehere, 894 F.2d 1131, 1133 n. 1 (9th Cir.1990) (considering state's arguments concerning habeas petition even though the state filed a notice of appeal only to the denial of a new trial because no prejudice to petitioner). Because the issues have been fully briefed and the government has not been prejudiced, we will consider Fortanel-Gonzales' trial issues.
 
 III
 Exclusion of Hearsay Evidence
 
 12
 Fortanel-Gonzales contends the district court erred by excluding evidence as hearsay, thereby violating his right to confront witnesses and to a fair trial. We conclude that any error was harmless.
 
 
 13
 We review for abuse of discretion the district court's exclusion of evidence as hearsay. United States v. Emmert, 829 F.2d 805, 808 (9th Cir.1987). We review de novo whether the evidentiary ruling violated a defendant's right to confrontation. Guam v. Ignacio, 10 F.3d 608, 611 (9th Cir.1993).
 
 
 14
 At a pretrial conference, the prosecutor moved to preclude Fortanel-Gonzales from eliciting from the customs agents statements made by the passenger of the vehicle, Montes de Oca, in which he explained that they were going to Arizona to get medicine. Fortanel-Gonzales asserted that Montes de Oca's statements corroborated his defense that he had borrowed the vehicle from his nephew without any knowledge of the marijuana. The district court ruled that Montes de Oca's statements were inadmissible hearsay.
 
 
 15
 Even assuming that the district court erred by concluding that the statements were inadmissible hearsay, see United States v. Pheaster, 544 F.2d 353, 374-80 (9th Cir.1976) (declarant's stated intent to act is admissible under state of mind hearsay exception to prove future conduct of declarant and third person), cert. denied, 429 U.S. 1099 (1977), we conclude that any error was harmless given the weight of the government's case, see United States v. Jennell, 749 F.2d 1302, 1308 (9th Cir.1984) (declining to address defendant's evidentiary argument because any constitutional violation was harmless beyond a reasonable doubt), cert. denied, 474 U.S. 837 (1985).
 
 
 16
 The customs agent who questioned Fortanel-Gonzales at primary inspection testified that Fortanel-Gonzales' hand was shaking and he avoided eye-contact. See United States v. Walitwarangkul, 808 F.2d 1352, 1354 (9th Cir.) (defendant's nervousness while being questioned by customs agents supported finding of knowing possession of heroin), cert. denied, 481 U.S. 1023 (1987). The narcotics dog alerted to the vehicle from a distance of ten to fifteen feet. One agent testified that he "noticed a strong smell of marijuana inside the vehicle." The vehicle was on the Customs' computer as a suspect vehicle. The quantity (166 pounds) and value ($100,000) of the marijuana further suggests that Fortanel-Gonzales knew the marijuana was in the vehicle. See id. (large quantity of narcotics alone may support finding that defendant knowingly possessed the drugs). Fortanel-Gonzales admitted that he had lied initially to the agents because it would be easier to cross the border if he said he owned the vehicle. See id. (defendant's changed story about ownership of suitcase provided circumstantial evidence of guilt). Although Fortanel-Gonzales testified about his innocent reasons for entering the country, Stage effectively rebutted that testimony. The jury was able to evaluate the demeanor and credibility of the live witnesses, therefore, the introduction of hearsay statements by a passenger who did not testify at trial was of minimal probative value. Accordingly, the exclusion of the evidence was harmless error. See Jennell, 749 F.2d at 1308.
 
 IV
 Release of Material Witness
 
 17
 Fortanel-Gonzales asserts the district court erred by not dismissing the indictment because his rights to compulsory process, confrontation, due process, and prepare a defense free from governmental interference were violated when the government released a material witness. The record establishes that Fortanel-Gonzales knowingly and voluntarily signed a written consent for the agents to release Montes de Oca. See United States v. Lujan-Castro, 602 F.2d 877, 878 (9th Cir.) (defendant may waive right to retain deportable witnesses), cert. denied, 444 U.S. 945 (1979). On appeal, he does not challenge the validity of the waiver. Accordingly, the district court did not err by denying the motion to dismiss. See United States v. Ramirez-Jiminez, 967 F.2d 1321, 1325 (9th Cir.1992).
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because "the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument," we deny Fortanel-Gonzales' motion for oral argument. See Fed.R.App.P. 34(a)(3)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3